UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BEVERLEY GRIFFITH-FENTON,           :
         Plaintiff,           :
                                    :    **OPINION AND ORDER**
v.           :
                                    :    18 CV 11031 (VB)
JPMORGAN CHASE BANK, N.A.,           :
         Defendant.           :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Beverley Griffith-Fenton, proceeding pro se, brings this action against defendant JPMorgan Chase Bank, N.A. ("Chase")[1], for breach of contract relating to a mortgage encumbering property at 17 Prospect Avenue, Middletown, New York (the "property").

      Before the Court is Chase's motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. #3).

      For the following reasons, the motion is GRANTED.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## BACKGROUND

      For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint, and draws all reasonable inferences in plaintiff's favor, as summarized below.

      On April 6, 2007, plaintiff executed a promissory note for $225,000, in favor of Coldwell Banker Home Loans ("Coldwell"). The same day, plaintiff executed a mortgage encumbering the property as collateral for repayment of the note. In October 2007, servicing of the mortgage loan was transferred to Chase Home Finance LLC, which merged with Chase on May 1, 2011.

---

[1]     Plaintiff sued JPMorgan Chase Bank, N.A., as "JP Morgan Chase N.A."

1

Coldwell subsequently assigned the mortgage to Chase.[2]  Plaintiff alleges she complied with the terms of the note and mortgage until Chase attempted to foreclose on her property in October 2010.

On July 25, 2017, Chase commenced a foreclosure action in Supreme Court, Orange County, alleging that plaintiff had defaulted on her payment obligations.  On June 1, 2018, the state court granted Chase's motion for summary judgment.  However, before Chase could apply for a judgment of foreclosure and sale, plaintiff filed for Chapter 7 bankruptcy.

According to a letter to the state court from Chase's counsel, attached to plaintiff's complaint in this case, plaintiff's bankruptcy was "discharged" on September 19, 2018.  (Compl. Ex. 1 at 2).  On April 2, 2019, the state court issued a judgment of foreclosure and sale.  See Order Confirming Referee Report and Judgment of Foreclosure and Sale, JPMorgan Chase Bank, N.A. v. Griffith-Fenton et al., No. EF005773-2017 (N.Y. Sup. Ct. Orange Cty. Apr. 2, 2019), NYSCEF No. 100.

Plaintiff filed the instant complaint dated November 23, 2018.  Plaintiff alleges:  (i) the alleged October 2010 foreclosure was "False," (ii) the 2017 state court foreclosure action is time-barred, and (iii) Chase did not adequately perform under the mortgage contract because it deficiently serviced the note and mortgage.  (Compl. at 4).

---

[2]  Plaintiff attached to her complaint an assignment of mortgage dated October 15, 2012. (Doc. #1 ("Compl.") Ex. 1 at 11).  Chase, however, submitted an assignment of mortgage—also from Coldwell to Chase—dated May 15, 2015, and recorded on September 1, 2016.  (Doc. # 4-2 at 41).  This discrepancy does not affect the Court's analysis.

"Compl. at __" and "Doc. __ at __" refer to page numbers automatically assigned by the Court's Electronic Case Filing system.

This is plaintiff's fourth federal lawsuit since 2011 regarding the mortgage encumbering the property. Each of the three prior cases was dismissed, settled, or withdrawn by plaintiff.[3]

**DISCUSSION**

I.  Legal Standards

   A.  Rule 12(b)(1)

"[F]ederal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (internal quotation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (internal quotation omitted). The party invoking the Court's jurisdiction bears the burden of establishing jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009). When a defendant moves to dismiss for lack of subject matter jurisdiction and on other grounds, the court should consider the Rule 12(b)(1) challenge first. Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990).

---

[3]  See Order, Griffith-Fenton v. JPMorgan Chase et al., No. 15 Civ. 4108 (S.D.N.Y. May 16, 2016), ECF No. 61 (granting plaintiff's request to dismiss case); Order, Griffith-Fenton v. Coldwell Banker Mortgage et al., No. 13 Civ. 7449 (S.D.N.Y. Dec. 11, 2014), ECF No. 24 (dismissing case in light of settlement); Griffith-Fenton v. Chase Home Fin., 2012 WL 2866269, at *1 (S.D.N.Y. May 29, 2012) (dismissing amended complaint in Griffith-Fenton v. Chase Home Finance LLC et al., No. 11 Civ. 4877 (S.D.N.Y.)), aff'd sub nom. Griffith-Fenton v. MERS, 531 F. App'x 95 (2d Cir. 2013) (summary order).

Because plaintiff is proceeding pro se, she will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

In deciding a motion to dismiss under Rule 12(b)(1) at the pleading stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Conyers v. Rossides, 558 F.3d at 143. But "argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Buday v. N.Y. Yankees P'ship, 486 F. App'x 894, 895 (2d Cir. 2012) (summary order) (quoting Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992)). When a factual challenge to the Court's jurisdiction has been raised, "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000) (internal citation omitted).

B. Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). In addition, the Court may consider materials subject to judicial notice, including documents from a prior action, other court filings, and Securities and Exchange Commission ("SEC") filings. TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 498–99 (2d Cir. 2014) (documents from a prior action); Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008) (court filings) (collecting cases); Citadel Equity Fund Ltd. v. Aquila, Inc., 168 F. App'x 474, 476 (2d Cir. 2006) (SEC filings) (summary order) (citing Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991)).

Moreover, the Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

5

II.     Subject Matter Jurisdiction

    A.     Diversity

Plaintiff, a citizen of New York, alleges defendant is also a citizen of New York. (Compl. at 3). Nevertheless, the Court has original jurisdiction over this case based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1).

Under 28 U.S.C § 1348, all national banking associations "shall, for the purposes of . . . actions by or against them, be deemed citizens of the States in which they are respectively located." The legal location of a national bank is the state listed in its articles of association as its main office. See Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006). The Second Circuit has since held a national bank's citizenship is limited to that state. OneWest Bank, N.A. v. Medina, 827 F.3d 214, 219 (2d Cir. 2016).

Chase's Articles of Association, which are filed with the SEC, state that Chase's main office is in Columbus, Ohio. See JPMorgan Chase Bank, N.A., Articles of Association (Form T-1, Ex. 1) (Sept. 10, 2004). Chase is therefore a citizen of Ohio, not New York, making the parties completely diverse. The Court thus has diversity jurisdiction over this case.

    B.     Rooker-Feldman

Chase argues the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.

The Court disagrees.

The Rooker-Feldman doctrine bars federal courts from adjudicating claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (quoting

Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). The doctrine applies when four requirements are satisfied: (i) the federal-court plaintiff has lost in state court, (ii) the plaintiff complains of injuries caused by a state-court judgment, (iii) the plaintiff invites district court review and rejection of that judgment, and (iv) the state court judgment was rendered before the district court proceedings commenced. Id.

"When there is parallel state and federal litigation, Rooker-Feldman is not triggered simply by the entry of judgment in state court." Pulk v. Winter, 722 F. App'x 36, 39 n.6 (2d Cir. 2018) (summary order) (internal quotation and alterations omitted). "Indeed, Rooker-Feldman does not support the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains sub judice in a federal court." Id. (internal quotation and alterations omitted). Moreover, the doctrine only applies once the state court proceedings have ended, and thus interlocutory orders that do not finally resolve the state litigation do not trigger the Rooker-Feldman doctrine. See Ayyad-Ramallo v. Marine Terrace Assocs. LLC, 2014 WL 2993448, at *3 n.6 (E.D.N.Y. July 2, 2014).

Here, the fourth element is not satisfied because the state court judgment was not rendered before this case commenced. Although the state court had granted summary judgment, that order did not end the case; indeed, the state court did not enter a judgment of foreclosure and sale until April 2, 2019, more than four months after plaintiff commenced this action. Moreover, the state court's subsequent entry of judgment did not deprive this Court of jurisdiction over this dispute.

Accordingly, the Court will not dismiss this action pursuant to the Rooker-Feldman doctrine.

7

III.     Res Judicata

Nonetheless, plaintiff's claim is barred by the doctrine of res judicata and must therefore be dismissed.

Under New York law, which applies here, see Estate of Keys v. Union Planters Bank, N.A., 578 F. Supp. 2d 629, 635 (S.D.N.Y. 2008), "res judicata . . . bars successive litigation [of all claims] based upon the same transaction or series of connected transactions . . . if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was," Sheffield v. Sherriff of Rockland Cty. Sherriff Dep't, 393 F. App'x 808, 811 (2d Cir. 2010) (summary order) (alterations in original) (quoting People ex rel. Spitzer v. Applied Card Sys., Inc., 11 N.Y.3d 105, 122 (2008)). "[O]nce a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997) (quoting O'Brien v. City of Syracuse, 54 N.Y.2d 353, 357 (1981)).

Claims are deemed to have been brought to a final conclusion even when they "could have been litigated [as defenses in the prior action], including defenses to a foreclosure." Yeiser v. GMAC Mortg. Corp., 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008) (citations omitted). Further, a "federal court must give a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Russo v. GMAC Mortg., LLC, 549 F. App'x 8, 10 (2d Cir. 2013) (summary order) (citation omitted).

In addition, "[t]he filing and resolution of cases for purposes of res judicata need not be sequential." Gonzalez v. City of New York, 396 F. Supp. 2d 411, 415 n.3 (S.D.N.Y. 2005) (citation omitted). "The preclusive effect of res judicata stems from an earlier judgment, not

8

from an earlier-filed suit." Simmtech Co., Ltd. v. Citibank, N.A., 2016 WL 4184296, at *6, n.7 (S.D.N.Y. Aug. 3, 2016).

Res judicata bars plaintiff's claim here. First, the state court's April 2, 2019, judgment of foreclosure and sale was a final judgment on the merits. Second, the litigants in the state court action and this action are the same. Third, the state court was one of competent jurisdiction in adjudicating the foreclosure action. And fourth, plaintiff's breach of contract claim in this Court arises from the same mortgage transaction at issue in state court, and plaintiff could have asserted her claim in this case as a defense to the foreclosure action.

Plaintiff argues res judicata is inapplicable because (i) the settlement in her earlier federal action (No. 13 Civ. 7449) was not "meaningful," and (ii) this Court did not enter a final judgment in any of her previous federal cases. (Doc. #10 ("Pl. Br.") at 8). Plaintiff's arguments are beside the point. Those cases arose before Chase initiated foreclosure in state court and, more importantly for purposes of res judicata, before the state court entered final judgment. As discussed above, once the state court entered final judgment, all other claims arising out of the same transaction or series of transactions became barred—even if plaintiff had asserted some of those claims in prior lawsuits in federal court.

Accordingly, plaintiff's claim is barred by res judicata.

IV.     Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation omitted). District courts "should not dismiss [pro se complaints]

9

without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation omitted).  However, leave to amend may "properly be denied for . . . 'futility of amendment.'"  Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).  This is true even when a plaintiff is proceeding pro se.  See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).

Here, granting leave to amend would be futile.  Even the most generous reading of plaintiff's complaint and filings does not indicate that plaintiff could state a valid claim not precluded by res judicata.

Accordingly, the Court declines to grant plaintiff leave to amend.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. # 3) and close this case.

Dated: July 9, 2019
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge